UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-11045-JFW (JCx)**                                          Date:  January 18, 2013

Title:     Crone Hawxhurst, LLP. -v- El Paseo Jewelry Exchange, Inc., et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                                                   None Present
   Courtroom Deputy                                                 Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                                     None

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT; and

DENYING AS MOOT PLAINTIFF'S *EX PARTE* APPLICATION FOR ISSUANCE OF ORDER REMANDING THIS CASE TO STATE COURT [filed 1/16/13; Docket No. 7]

   On November 8, 2012, Plaintiff Crone Hawxhurst LLP ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendants El Paseo Jewelry Exchange, Inc.; El Paseo Jewelry, Inc.; Rajendra Mehta; Atul Mehta, and Ivan Kalensky (collectively, "Defendants").  On December 11, 2012, Atul Mehta ("Mehta") filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. 1332.  On December 26, 2012, this Court remanded this action to Los Angeles Superior Court for lack of subject matter jurisdiction.  On December 31, 2012, Mehta again filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1443(1).

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Mehta bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche*

*Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

      Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  In this case, Mehta failed to allege the citizenship of Plaintiff or any of the Defendants.

      In addition, Mehta alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1443(1), which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all person within the jurisdiction thereof[.]

      However, to remove a case under Section 1443(1), a defendant must satisfy the two-prong test set forth by the Supreme Court in *George v. Rachel*, 384 U.S. 780, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966):

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (internal citations omitted).  Mehta fails to satisfy either prong.  Moreover, even if Mehta could satisfy the first prong, he fails to identify any formal expression of state law that prohibits him from enforcing his civil rights in Los Angeles Superior Court, and he fails to present any evidence that suggests that the Los Angeles Superior Court would not enforce his civil rights in its proceedings.  *Patel v. Del Taco, Inc.,* 446 F.3d 996, 998 (9th Cir. 2006).

      Therefore, Mehta has failed to satisfy the burden of establishing that jurisdiction pursuant to 28 U.S.C. §§ 1332(a) or 1443(1) exists.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

      In light of the Court's Order, Plaintiff's *Ex Parte* Application for Issuance of Order Remanding this Case to State Court is **DENIED as moot**.

      IT IS SO ORDERED.